## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOHN PECORARO,

               **Plaintiff,**

   v.

TRANSPORT AJIT, INC. d/b/a,
ATI ASIT TRANS, INC., A. A. R. J.
TRUCKING, INC, d/b/a/
TRANSPORT ATI, IQBAL ASIF
MAHAMAD and ZURICH
AMERICAN INSURANCE
COMPANY,

               **Defendants.**

1:18-cv-541-WSD

## OPINION AND ORDER

On February 4, 2018, Plaintiff John Pecoraro ("Plaintiff") filed a Complaint against Transport Ajit, Inc., d/b/a ATI Asit Trans, Inc., A. A. R. J. Trucking, Inc., d/b/a Transport ATI, Iqbal Asif Mahamad, and Zurich American Insurance Company, asserting a claim for negligence, among other claims, and requesting an award of damages. ([1]).

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. ([1] at ¶ 8). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." <u>Palmer Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." <u>MacGinnitie v. Hobbs Grp., LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." <u>King v. Cessna Aircraft Co.</u>, 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting <u>Slaughter v. Toye Bros. Yellow Cab Co.</u>, 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or

has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege Plaintiff's citizenship.  It states only that Plaintiff is "a resident of the state of Georgia." ([1] at ¶ 7).  To show citizenship, however, "[r]esidence alone is not enough."  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Defendant is required to file an amended complaint stating the citizenship of Plaintiff John Pecoraro.  The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant must file an Amended Notice of Removal on or before February 19, 2018, that provides the information required by this Order.

**SO ORDERED** this 12th day of February, 2018.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE