# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JOHN PECORARO,

                Plaintiff,

    v.

TRANSPORT AJIT, INC. d/b/a,
ATI ASIT TRANS, INC., A. A. R. J.
TRUCKING, INC, d/b/a
TRANSPORT ATI, IQBAL ASIF
MAHAMAD and ZURICH
AMERICAN INSURANCE
COMPANY,

                Defendants.

1:18-cv-541-WSD

## CORRECTED OPINION AND ORDER

On February 4, 2018, Plaintiff John Pecoraro ("Plaintiff") filed a Complaint against Transport Ajit, Inc., d/b/a ATI Asit Trans, Inc., A. A. R. J. Trucking, Inc., d/b/a Transport ATI, Iqbal Asif Mahamad, and Zurich American Insurance Company, asserting a claim for negligence, among other claims, and requesting an award of damages. ([1]).

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. ([1] at ¶ 8). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500,

501 (2006). The Eleventh Circuit consistently has held that "a court should inquire

into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings. Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of

S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Diversity jurisdiction exists where the amount in controversy exceeds

$75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a).

"Diversity jurisdiction, as a general rule, requires complete diversity—every

plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph

Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is

determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC,

420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact

of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co.,

505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting

Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

The Complaint does not adequately allege Plaintiff's citizenship. It states

only that Plaintiff is "a resident of the state of Georgia." ([1] at ¶ 7). To show

citizenship, however, "[r]esidence alone is not enough." Travaglio v. Am. Exp.

Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Plaintiff is required to file an amended complaint stating the citizenship of Plaintiff John Pecoraro. The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff must file an amended complaint on or before March 5, 2018, that provides the information required by this Order.

**SO ORDERED** this 23rd day of February, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE